IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| C.W. JACKSON, #158384, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:  1:06-CV-174-WKW |
| | ) |
| COFFEE COUNTY JAIL, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANT'S SPECIAL REPORT

COMES NOW the Defendant Coffee County Jail Administrator Zack Ennis, and submits his Special Report to the Court as follows:

### INTRODUCTION

The Plaintiff in this action, C.W. Jackson, filed his Complaint on February 24, 2006.  The Complaint alleges a violation, presumably, of his Eighth Amendment right to be free from cruel and unusual punishment.  On March 7, 2006, this Court ordered the Defendant to submit a Special Report concerning the factual allegations made by the Plaintiff in his Complaint.

### PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that the Defendant failed to provide medical treatment for a spider bite, in contravention of Plaintiff's Constitutional right.

### DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS

Defendant Jail Administrator Zack Ennis denies the allegations made against him by the Plaintiff as said allegations are untrue and completely without basis in law or fact.

I.      FACTS

The Plaintiff was incarcerated in the Coffee County Jail on December 13, 2003, on charges of Theft of Property III, Possession of Drug Paraphernalia, and Giving a False Identity to Obstruct Justice. (See Inmate File of C.W. Jackson, (hereafter, "Inmate File"), attached hereto as Exhibit A and incorporated herein as if fully set forth.)

The Coffee County Sheriff's Department has a policy that Jail personnel provide inmates access to timely medical treatment. (Affidavit of Zack Ennis (hereafter, "Ennis Aff."), attached hereto as Exhibit "B" and incorporated herein as if fully set forth, at ¶ 5.) Inmate medical requests may be made orally to any member of the jail staff. Id. Members of the jail staff are charged with responding to such requests, and a complaining inmate is seen by a doctor at the earliest possible opportunity. Id. None of the members of the jail staff are trained medical professionals. (Ennis Aff. at ¶ 7.) Accordingly, the jail staff, including Administrator Zack Ennis, has no authority or control over the provision of such services, and relies on the training and expertise of trained medical personnel for such services. Id. The jailers are required to follow any instructions given by a doctor. Id. In an emergency situation the jail personnel have the authority to summon emergency medical personnel and transport an inmate to the Enterprise Medical Center immediately. (Ennis Aff. at ¶ 5.)

On or before January 27, 2004, the Plaintiff complained of being bitten by a spider. (See, Inmate File.) On January 28, 2004, the Plaintiff was transported to see Dr. Henry Cochran. (Id.; Ennis Aff. at ¶ 8.) Dr. Cochran prescribed a topical treatment, and a return examination in three weeks. (See, Inmate File.)

II.  **LAW**

    A.  **The Plaintiff's Claims are Barred by the Statute of Limitations.**

All actions brought in Alabama pursuant § 1983 are subject to the statute of limitations codified in § 6-2-38(l) of the Alabama Code. <u>Owens v. Okure</u>, 488 U.S. 235 (1989); <u>Morrow v. Town of Littleville</u>, 576 So. 2d 210, 215 (Ala. 1991) ("In Alabama, § 6-2-38(l), is the statute of limitations applicable to a § 1983 claim."). Alabama Code § 6-2-38(l) states that "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Therefore, any § 1983 action in Alabama must be brought within two years.

In the case at bar, the injury complained of occurred on January 27 and 28, 2004. (<u>See</u>, Inmate File.) This action was filed on February 24, 2006 – more than two years after the events made the subject of the Plaintiff's Complaint. (<u>See</u>, Complaint.) Consequently, the Plaintiff's claims are barred by the relevant statute of limitations, and should be dismissed as a matter of law.

    B.  **The Plaintiff's Claims are Barred by the Prison Litigation Reform Act for his Failure to Exhaust Administrative Remedies.**

The Prison Litigation Reform Act requires exhaustion of all available administrative remedies before an inmate may file a lawsuit under 42 U.S.C. § 1983. <u>See</u> 42 U.S.C. § 1997e(a); <u>Booth v. Churner</u>, 532 U.S. 731, 733-34 (2001) (stating that 42 U.S.C. § 1997e(a) "requires a prisoner to exhaust 'such administrative remedies as are available' ***before*** suing over prison conditions."). Exhaustion is required for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). The Plaintiff in this case has not

utilized all administrative remedies available to him; he failed to file a claim with the State Board of Adjustments.

The Plaintiff has not alleged that he pursued any grievance through the State Board of Adjustment.  See Brown v. Tombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (requiring prisoners to affirmatively show that they have exhausted administrative remedies).  Alabama law provides the opportunity to file a claim and proceed before the Alabama State Board of Adjustment pursuant to Ala. Code § 41-9-60 et seq.  As state officials, both sheriffs and jailers enjoy sovereign immunity from suit under Article I, § 14 of the Alabama Constitution.  Turquitt, 137 F.3d at 1288-89.  Consequently, a claim for monetary damages against this Defendant is, in essence, a claim against the State of Alabama.  See Hafer v. Melo, 502 U.S. 21, 25 (1991); Lancaster, 116 F.3d at 1429; see also Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Because the State provides an administrative remedy that the Plaintiff failed to exhaust, the Plaintiff's claims are barred by 42 U.S.C. § 1997e(a).  See Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998) (affirming dismissal of present action due to failure to exhaust administrative remedies).

### C. Zack Ennis, in His Official Capacity as Coffee County Jail Administrator, Is Entitled to Judgment in His Favor as a Matter of Law.

In his Complaint, the Plaintiff has not designated whether he is suing the Defendant in his official or individual capacity.  Out of an abundance of caution, to the extent the Plaintiff's Complaint can be construed as making official capacity claims, the Eleventh Amendment bars such claims.  Additionally, Zack Ennis, in his official capacity, is not a "person" for purposes of 42 U.S.C. § 1983.

#### 1. **All official capacity claims against Jail Administrator Ennis are barred by the Eleventh Amendment to the United States Constitution.**

4

The Plaintiff's official capacity claims against Jail Administrator Ennis are due to be dismissed for lack of subject matter jurisdiction.  As stated previously, Zack Ennis, in his capacity as jail administrator, is an executive officer of the State of Alabama.  Therefore, a suit against this Defendant, in his official capacity, is a suit against the State of Alabama.  See Hafer, 502 U.S. at 25; Lancaster, 116 F.3d at 1429; see also Kentucky v. Graham, 473 U.S. at 165-66.  Because this suit is, in effect, a suit against the State of Alabama, the Eleventh Amendment to the United States Constitution bars the Plaintiff's claims under § 1983.  See Free, 887 F.2d at 1557; see also Dean v. Barber, 951 F.2d 1210, 1215 n.5 (11th Cir. 1992); Carr v. City of Florence, 916 F.2d 1521, 1525 (11th Cir. 1990) (citing Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) and upholding the proposition that a deputy sued in his official capacity is entitled to Eleventh Amendment immunity).  Thus, this Court lacks subject matter jurisdiction over these claims.

### 2. Jail Administrator Ennis, in his official capacity, is not a "person" for purposes of 42 U.S.C. § 1983.

42 U.S.C. § 1983 prohibits a person, acting under color of law, from depriving another of his rights secured by the United States Constitution.  42 U.S.C. § 1983.  The United States Supreme Court has held that a state official sued in his or her official capacity, is not a "person" under § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Thus, any claims against Jail Administrator Ennis in his official capacity are due to be dismissed because he is not a "person" under § 1983, and therefore, these claims fail to state a claim upon which relief can be granted.  Id.; Carr, 916 F.2d at 1525 n.3 (citing Will and noting that, in addition to entitlement to Eleventh Amendment immunity, "neither a State nor its officials acting in their official capacities are a 'person' under § 1983").

**D.     Jail Administrator Ennis Is Entitled to Qualified Immunity.**

In his individual capacity, Jail Administrator Ennis is entitled to qualified immunity and a dismissal of Plaintiff's claims unless this Defendant violated the Plaintiff's clearly established constitutional rights of which a reasonable person would have known. Lancaster, 116 F.3d at 1424. Qualified immunity is a protection designed to allow government officials to avoid the expense and disruption of trial. Ansley v. Heinrich, 925 F.2d 1339, 1345 (11th Cir. 1991). The Eleventh Circuit Court of Appeals has observed, "[t]hat qualified immunity protects governmental actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their *individual capacities*." Lassiter v. Alabama A & M Univ., 28 F.3d 1146 (11th Cir. 1994) (en banc) (emphasis in original) (footnote omitted). In the light of pre-existing law the unlawfulness must be apparent. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Mere statements of broad legal truisms, without more, are not sufficient to overcome qualified immunity. Post v. City of Ft. Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993).

Once a defendant has asserted the defense of qualified immunity, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). The second inquiry is, if a constitutional violation is stated, were these rights "clearly established" to the degree that this Defendant had "fair warning" that his conduct violated the plaintiff's constitutional rights? Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of this Defendant was clearly established as being violative of constitutional dictates, the reviewing court must examine the state

6

of law at the time the alleged deprivation occurred.  See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994).  A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson, 483 U.S. at 640; Lancaster, 116 F.3d at 1424.  "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins v. Talladega Board of Education, 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

The instant Plaintiff alleges that he was unlawfully denied medical care.  However, the Plaintiff's claim against this Defendant is invalid.  Jail Administrator Ennis is entitled to judgment in his favor as a matter of law on these claims for three reasons.  First, Jail Administrator Ennis's policies and actions were not deliberately indifferent to a constitutional right of the Plaintiff.  Second, Jail Administrator Ennis did not promulgate policies that caused the Plaintiff's alleged constitutional deprivations.  Third, no clearly established law provided Jail Administrator Ennis with "fair warning" that his conduct was unlawful.

### 1.  **Defendant Zack Ennis was not deliberately indifferent.**

The instant Plaintiff alleges that he was denied medical care.  Defendant is entitled to judgment in his favor as a matter of law on these claims for three reasons.  First, the Defendant's policies and actions were not deliberately indifferent to a constitutional right of the Plaintiff.  Second, the Defendant did not promulgate policies that caused the Plaintiff's alleged constitutional deprivations.  Third, no clearly established law provided Defendant with "fair warning" that his conduct was unlawful.

>   (a) **The Complaint fails to allege a constitutional violation in that Jail Administrator Ennis was not deliberately indifferent to the Plaintiff's right to be free from serious harm.**

The Plaintiff has failed to allege, and the facts do not support, that Jail Administrator Ennis violated the Plaintiff's federally protected rights. Prison officials may be held liable for denying humane conditions of confinement only if they know that inmates face substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Jailers are not the guarantors of a prisoner's safety. See Popham v. City of Talladega, 908 F.2d 1561, 1564 (11th Cir. 1990).

Jail Administrator Ennis was not aware of any risk to the Plaintiff's physical well-being. Specifically, Jail Administrator Ennis has inspected the jail for spiders, which inspection revealed no risk of spider bites. (Ennis Aff. at ¶ 4.) Further, no spider has ever been identified in the jail. Id. Finally, The Coffee County Jail has contracted with an extermination company to prevent infestations of spiders and other creatures. Id. Therefore, Jail Administrator Ennis could not have known of any substantial risk of serious harm to the Plaintiff, much less disregard such a risk.

>   (b) **The Complaint fails to allege a constitutional violation in that Jail Administrator Ennis was not deliberately indifferent to the Plaintiff's serious medical needs.**

The Constitution does not mandate comfortable prisons. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Jail officials must provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, and medical care. Hudson v. Palmer, 468 U.S. 517, 526-527 (1984). A claim is stated only where the conditions of confinement pose a risk to the health or safety of an inmate and the defendant official is deliberately indifferent to that risk. Farmer, 511 U.S. at 837.

Jail Administrator Ennis was not deliberately indifferent to any objectively serious medical need that could be construed in the Plaintiff's Complaint. In order to be deliberately indifferent, an official must both know of a serious risk of harm and disregard it. Farmer, 511 U.S. at 837. The Complaint does not allege, and the facts do not support, that Jail Administrator Ennis was deliberately indifferent.

A constitutional violation under the Eighth Amendment for denial of medical care is stated where the facts tend to show that a jail official was deliberately indifferent to the serious medical needs of an inmate. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). The Plaintiff must satisfy both an objective and a subjective inquiry. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995). First, he must show an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, the Plaintiff must demonstrate that the Defendant acted, or failed to act, with an attitude of "deliberate indifference" to that serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official cannot be deliberately indifferent to an excessive risk to an inmate's health unless he is both "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . draws[s] the inference." Farmer, 511 U.S. at 837.

The Coffee County Jail staff, including Jail Administrator Ennis, has no control or authority over the medical practices, policies or procedures of Dr. Henry Cochran. Jail Administrator Ennis does not have any kind of medical education, training or experience. (Ennis Aff. at ¶ 7.) He relies upon the professional judgment of medical professionals who have been retained to provide care to the inmates. Id. This Court should not substitute its medically untrained judgment for the professional judgment of the medical health professionals who treated the Plaintiff. See Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment

9

violation"); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (stating that the evidence showed the plaintiff received "significant" medical care while in jail, and although plaintiff may have desired different modes of treatment, care provided by the jail did not constitute deliberate indifference), cert. denied, 475 U.S. 1096 (1986); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (stating "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments"). Certainly this Court should not require Jail Administrator Ennis, with absolutely no medical or health care training, to substitute his medically untrained judgment for the professional judgment of the medical health professionals who treated the Plaintiff.

While the Eleventh Circuit has not had an opportunity to visit this issue, the Eighth Circuit has addressed a similar claim. In Meloy v. Bachmeier, 302 F.3d 845 (8th Cir. 2002), a former inmate sued several prison doctors, a nurse, and the prison's medical director[1] for failing to provide him with a positive air pressure machine needed to treat his sleep apnea. 302 F.3d at 847. Reversing the district court's denial of summary judgment for the director, the Eighth Circuit began by making some common sense observations. "A prison's medical treatment director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions." 302 F.3d at 847 citing, Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). Further, the Meloy court stated "[p]rison officials cannot substitute their judgment for a medical professional's prescription." Id. citing, Zentmyer v. Kendall County, 220 F.3d 805, 812 (7th Cir. 2000). Finally, the court held:

> The law does not clearly require an administrator with less medical training to second-guess or disregard a treating physician's treatment decision. Because the law was not clearly established that [the director] was deliberately indifferent to

---

[1] The medical director was a trained and licensed nurse. 302 F.3d at 846.

> [the plaintiff's] serious medical needs, [the director] is entitled to qualified immunity.

302 F.3d at 849.

Assuming, *arguendo*, that the Dr. Cochran did not properly respond to the Plaintiff's medical needs, Jail Administrator Ennis has not been deliberately indifferent. Mr. Ennis is ***required*** to rely upon their medical providers. He cannot supplant his untrained opinion for that of medical professionals.

Finally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. There is no allegation whatsoever in the Complaint that Jail Administrator Ennis participated in, or interfered with, the treatment decisions made with regard to the Plaintiff. In fact, the crux of the Complaint is that Mr. Ennis chose to defer to the medical decisions made by Dr. Cochran, rather than the treatment requested by the Plaintiff. It is therefore clear from the face of the Complaint that the Plaintiff's chief claim is that the medical personnel ineffectively treated him. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. Regardless, Jail Administrator Ennis cannot be held responsible for the alleged malpractice of an independent physician.

The Plaintiff has failed to allege, and the facts do not support, that Jail Administrator Ennis violated the Plaintiff's federally protected rights. The Plaintiff has failed to allege any facts tending to show that Jail Administrator Ennis knew of a serious medical condition. In fact, other than alleging that he was twice bitten by a spider he has failed to allege that he even has a serious medical condition. There are no allegations that defendant Ennis knew the extent of the Plaintiff's alleged injuries, or that the Plaintiff was in any way mistreated. In fact, the Plaintiff clearly alleges that Ennis (1) arranged for him to see a doctor the day immediately following the

11

injury report; (2) was informed of the doctor's report; and (3) considered the doctor a "good doctor." (See, Complaint; Ennis Aff. at ¶ 4.)

While the Plaintiff's condition (alleged spider bite) *could* become a serious medical need, it was not at the time of his incarceration. In fact, jail records do not reveal that he requested or required any medical assistance at all after the alleged spider bite. (See generally, Inmate File.) He has not alleged any facts to show that he was in any physical danger. Consequently, he cannot show an objectively serious medical need for purposes of this lawsuit.

Based upon the foregoing, the Plaintiff has failed to allege a violation of his federally protected rights – let alone a violation personally committed by this Defendant. Therefore, Jail Administrator Ennis is entitled to qualified immunity and judgment as a matter of law on the Plaintiff's claims.

> **2.    There is no causal connection between any policy or custom promulgated by Defendant Jail Administrator Ennis and the Plaintiff's alleged injuries.**

The Eleventh Circuit has stated what is required to make out a § 1983 claim against a supervisor:

> Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.

Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). The Eleventh Circuit, therefore, applies a three-prong test that the Plaintiff must satisfy to establish supervisory liability: (1) the supervisor's actions, either in training, promulgating policy, or otherwise, were deliberately indifferent to the Plaintiff's rights; (2) a reasonable person in the supervisor's position would know that his or her actions were deliberately indifferent; and (3) the supervisor's

conduct was causally related to the subordinate's constitutional infringement. Greason v. Kemp, 891 F.2d 829, 836-37 (11th Cir. 1990); see also Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). The causal connection may be established where the supervisor's improper "custom or policy ... result[s] in deliberate indifference to constitutional rights." Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991) (citing Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986)). "[T]he inadequacy of police training may serve as the basis for § 1983 liability *only* where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989) (emphasis added). The Complaint fails to allege facts supporting any of these elements, and there is no evidence to support the allegations even if they were made.

Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates "on the basis of *respondeat superior* or vicarious liability." Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994) (citation and quotation omitted).

First, this Defendant's policies and actions were not deliberately indifferent. There is no allegation that Jail Administrator Ennis had knowledge (either actual or constructive) of a training deficiency in the Coffee County Jail or that the policies and/or customs of the jail would result in constitutional violations. Id. There is no allegation of widespread obvious, flagrant, rampant and continuous abuse by corrections officers. Id.

Second, there are no facts in the record from which a reasonable person could conclude that the conduct of this Defendant was deliberately indifferent. Prison officials may be held liable for denying humane conditions of confinement only if they know that inmates face substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). There are no allegations in the Complaint at all to show that Jail Administrator Ennis was aware of any risk of harm to the

13

Plaintiff – let alone a substantial risk of harm. Consequently, the Plaintiff has failed to meet the second element of supervisory liability under § 1983.

Regarding the third element of supervisory liability, there is no causal connection between this Defendant's conduct and the alleged constitutional deprivation. Doctor Henry Cochran is not an employee of the Coffee County Jail. Furthermore, there is no evidence that Jail Administrator Ennis failed to train the jail personnel concerning medical issues.

The Plaintiff has failed to allege, and the facts do not show, the existence of the elements of supervisory liability under § 1983. See Greason, 891 F.2d at 836-37. Jail Administrator Ennis cannot be held vicariously liable under § 1983. Monell, 436 U.S. at 694-95. Consequently, Jail Administrator Ennis is entitled to qualified immunity and judgment in his favor as a matter of law. Saucier, 533 U.S. at 201.

### 3. No clearly established law gave this Defendant fair warning that his conduct was unlawful.

The Plaintiff must show that clearly established law provided this Defendant with fair warning that his conduct was unlawful by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision are specific enough to demonstrate conduct was illegal, even in the total absence of case law. Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has identified the latter method as an "obvious clarity" case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). In order to show that this Defendant's conduct was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent." Willingham, 321 F.3d at 1301. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

The policies of the Coffee County Jail concerning medical care are clearly constitutional. Consequently, the Plaintiff has failed to meet the second burden placed upon him by the qualified immunity standard.

### III. MOTION FOR SUMMARY JUDGMENT

#### A. Summary Judgment Standard

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant. Greason, 891 F.2d at 831. However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only reasonable inferences with a foundation in the record inure to the nonmovant's benefit. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" Reeves, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299.[2] "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'" Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) quoting Massachusetts School of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998).

---

[2] Although Reeves was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court, in determining the proper standard of review relied heavily on the standard for summary judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" Reeves, 530 U.S. at 150, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**B.     Motion for Summary Judgment**

Jail Administrator Zack Ennis respectfully requests that this Honorable Court treat this Special Report as a motion for summary judgment and grant unto him the same.

Respectfully submitted this 13th day of April, 2006.

s/Scott W. Gosnell
SCOTT W. GOSNELL, Bar Number: GOS002
Attorney for Defendant
WEBB & ELEY, P.C.
7475 Halcyon Pointe Road
Montgomery, Alabama 36117
Telephone: (334) 262-1850
Fax: (334) 262-1889
E-mail: sgosnell@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 13th day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and served the following Non-CM/ECF participant by United States Mail, postage prepaid:

C.W. Jackson
Limestone Correctional Facility
Nick Davis Road
Harvest, Alabama 35749

s/Scott W. Gosnell
OF COUNSEL
